**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROHIT ROHIT,

          Petitioner,

     v.

TODD BLANCHE, Acting Attorney
General,

          Respondent.

No. 25-1590

Agency No.
A246-990-134

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2026[**]
Seattle, Washington

Before:     HAWKINS, N.R. SMITH, and CHRISTEN, Circuit Judges.

Petitioner Rohit Rohit, a native and citizen of India, seeks review of a decision

of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of

an immigration judge ("IJ") denying his applications for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's adverse credibility determination for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). In doing so, we consider the "totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). We deny the petition.

Substantial evidence supports the agency's adverse credibility determination. The IJ identified, among other things, a material inconsistency between Rohit's application and hearing testimony concerning the affiliation of his attackers. *See Shrestha*, 590 F.3d at 1046–47. The IJ also noted several concerning omissions from Rohit's written materials. Principally, Rohit testified that police threatened to file a false report against him; however, he failed to mention the threat itself in his application or declaration. Although "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," omissions may support an agency's adverse credibility determination where, as here, the petitioner "volunteered new information at the merits hearing" to "bolster an earlier, and . . . weaker[] asylum application." *Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020) (internal quotation marks and citations omitted). Rohit's failure to mention that he had traveled to Dubai and voluntarily returned to India for several weeks before fleeing for the United States was also relevant to his credibility. *See*

*Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008) ("[Petitioner's] admission that she twice was offered a clear opportunity to flee her native land, and yet willingly returned, inherently undermines her testimony that she experienced past suffering or that she feared returning home."). And contrary to Rohit's contention, the agency was not required to accept his explanations for these inconsistencies and omissions. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam*, 11 F.4th at 1135–37. Accordingly, substantial evidence supports the agency's decision that Rohit's arguments for asylum and withholding of removal fail.

Substantial evidence also supports the BIA's determination that Rohit otherwise failed to establish eligibility for relief under CAT. *See Shrestha*, 590 F.3d at 1048–49 (denial of CAT claim supported by substantial evidence where claim rested on evidence deemed not credible and petitioner failed to identify any other evidence in the record that compelled the conclusion that he was more likely than not to be tortured).

**PETITON FOR REVIEW DENIED.**

25-1590